An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANDREWS INTERNATIONAL, INC.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
KENNETH C. CORY, DISTRICT
JUDGE,
Respondents,
and
FRED R. FLAMM, INDIVIDUALLY
AND AS ADMINISTRATOR OF THE
ESTATE OF BRADLEY FLAMM; AND
JENNIFER FLAMM,
Real Parties in Interest.

No. 64818

**FILED**

SEP 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a district court order denying summary judgment in a premises liability action.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court has the discretion to determine whether a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). And petitioner bears the burden of demonstrating that this court's extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Writ relief is generally available, however, only when there is no plain, speedy, and adequate remedy in the ordinary course of

14-30690

law, NRS 34.170, and the right to an appeal is generally an adequate legal remedy precluding writ relief. *Pan*, 120 Nev. at 224, 88 P.3d at 841.

Having considered the petition, answer, reply and supporting documents submitted by the parties, we conclude that petitioner has not demonstrated that our intervention by way of extraordinary relief is warranted. *Smith*, 107 Nev. at 677, 818 P.2d at 851; *see also* NRAP 21(b)(1). Nonetheless, in the event that petitioner is aggrieved by the final judgment in the underlying case, nothing in this order prevents petitioner from raising the arguments made in this petition in any appeal from that judgment. *Pan*, 120 Nev. at 224, 88 P.3d at 841. Accordingly, we deny the petition.

It is so ORDERED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[1]With regard to the April 21, 2014, motion to seal, because no party has presented arguments as to why the answer and reply to this petition should be sealed, the clerk of this court shall file the answer provisionally received in this court on April 22, 2014, and the reply provisionally received in this court on June 4, 2014. Turning to real parties in interest's appendix, as we deny this petition, we deny as moot the motion to submit this appendix under seal. Accordingly, the clerk of this court is directed to return, unfiled, real parties in interest's appendix, which was provisionally received in this court on April 22, 2014. We likewise deny as moot real parties in interest's April 22, 2014, motion to submit DVD evidence and direct the clerk of this court to return, unfiled, the DVD provisionally received in this court on April 22, 2014. Finally, we deny real parties in interest's request for sanctions and, because their May 8, 2014, request for expedited submission was withdrawn, we conclude that no further action on this document is required.

cc: Hon. Kenneth C. Cory, District Judge
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP/Las Vegas
Campbell & Williams
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A